UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY REED, et al., )<br>      Plaintiffs, )<br> )<br>   vs. )<br> )<br>EMILY CLINE, M.D., )<br>      Defendant. ) | 1:08-cv-473-SEB-TAB |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

Federal Rule of Civil Procedure 26 permits broad discovery, but not a free-for-all. Discovery that is relevant under Rule 26(b)(1) may cross the line established by Rule 26(c)(1) and need to be scaled back to prevent annoyance, embarrassment, oppression, or undue burden or expense. This cases raises the question of where to draw that sometimes blurry line.

During the deposition of Plaintiffs' expert, Robert Allen, Defendant questioned Allen about his expert consulting income. Allen testified that about one-third of his gross income comes from consulting, but he refused to disclose either his gross salary or his consulting income because, given one, the other could be easily calculated. Defendant moved to compel this information, arguing that it is relevant to Allen's credibility as an expert. [Docket No. 77 at 3.] Plaintiffs respond that Allen has already provided more than enough information from which Defendant can attempt to argue bias. Allen has revealed the percentage of his income derived from expert consulting, the number of cases he reviews per month, his expert billing rate, his fees for this case, and the cases in which he has testified over the last four years. [Docket No. 80 at 2–3.]

Certainly Allen's gross salary and income from consulting are relevant to his credibility

as an expert, and are thus within the broad scope of Rule 26(b)(1). Despite this information's relevance, the Plaintiffs contend that compelling Allen to reveal his gross salary and income from consulting would be "overkill" [*Id.* at 4] and an unnecessary intrusion into Allen's personal affairs.[1] Therein lies Rule 26's internal tension and the sometimes blurry line of demarcation between broad discovery and a free-for-all.

Fortunately, Plaintiffs cited several cases that help bring this issue into clearer focus. In *Behler v. Hanlon*, 199 F.R.D. 553 (D. Md. 2001), a personal injury plaintiff sought sensitive financial information—including tax returns and total income earned for the previous five years—from the independent medical examiner involved in the case. Magistrate Judge Grimm reasoned that although "no intellectually honest argument can be made that the information sought . . . is not relevant to bias/prejudice impeachment," the information sought was "overkill." *Id.* at 561. He explained:

> While there may be cases in which an expert's gross income, and the specific amounts thereof earned by providing services as an expert witness, may be discoverable, this should not be ordered routinely, without a showing, absent here, why less intrusive financial information would not suffice. Most people are sensitive about their income, and who knows the details about it. . . . [P]ermitting routine disclosure of the expert's gross compensation, from all sources—including those unrelated to litigation activities—would provide the jury with little information relevant to a fair assessment of the expert's credibility, while concomitantly introducing the real possibility of creating confusion, distraction and even prejudice.

*Id.* at 561–62. This approach has been readily adopted by other district courts. *Campos v. MTD*

---

[1]Although Defendant has not explicitly cited Rule 26(c), her arguments are grounded in its concepts of embarrassment and annoyance. The Court will consider her arguments using the framework of Rule 26, particularly given Rule 26(b)(2)(C)'s limitations on discovery and Rule 37(a)(5)(B)'s provision permitting the Court to issue a protective order upon denying a motion to compel.

*Prods., Inc.*, No. 2-07-0029, 2009 WL 920337, at *5 (M.D. Tenn. Apr. 1, 2009) (surveying cases and concluding that "[t]his Court finds the careful analysis in *Behler* to be persuasive"); *Rogers v. United States Navy*, 223 F.R.D. 533, 535–36 (S.D. Cal. 2004) (considering *Behler* and concluding that "[b]ecause Plaintiff does not persuasively explain the need to learn Dr. Schwab's private financial information, the scope of inquiry is properly limited"). Other district courts have permitted discovery of dollars in addition to percentages, *Jones v. Young*, No. 3:04CV00257 JLH, 2007 WL 2695621, at *2 (E.D. Ark. Sept. 10, 2007); *Spencer v. United States*, No. Civ. A 02-2106-CM, 2003 WL 23484640, at *12 (D. Kan. Dec. 16, 2003); *Butler v. Rigsby*, No. Civ. A 96-2453, 1998 WL 164857, at *4 (E.D. La. Apr. 7, 1998), but Defendant does not cite these cases or argue that they provide better direction for this matter. Moreover, the cases permitting expanded discovery discussed only the relevance of the information without also considering the personal nature of the information or the possibility of confusion, distraction, and prejudice. After considering the cases on both sides, the Court finds the *Behler* approach more persuasive.

In this case, Defendant has not explained why the considerable information already provided is insufficient to contest Allen's impartiality. Defendant's best argument is that its experts disclosed their gross earnings, and that when one of its experts suggested providing either a percentage or dollars, Plaintiffs' counsel responded that he was "not aware of any rule to that effect in Indiana." [Docket No. 82 at 1.] But Defendant's expert did not have to accept Plaintiffs' counsel's word on the subject. Defendant's counsel also attended the deposition and could have intervened. And while Defendant does not suggest that Plaintiffs' counsel's remark was disingenuous, the Court notes that counsel's representation about Indiana's rules preceded

Allen's deposition by five days.

Without any showing of need from Defendant, the Court concludes that requiring further disclosures from Allen would invade his privacy without providing any additional helpful information relevant to his bias as an expert witness. Defendant's motion to compel [Docket No. 77] is therefore denied.

Dated: 09/24/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jerry Avan Garau
FINDLING GARAU GERMANO & PENNINGTON
jgarau@gghplaw.com

Barbara J. Germano
FINDLING GARAU GERMANO & PENNINGTON
bgermano@gghplaw.com

Kori L. McOmber
SCHULTZ & POGUE LLP
kmcomber@schultzpoguelaw.com

Jon M. Pinnick
SCHULTZ & POGUE LLP
jpinnick@schultzpoguelaw.com

Thomas R. Schultz
SCHULTZ & POGUE LLP
tschultz@schultzpoguelaw.com